In the Matter of the Construction of the Will of JACOB R. SCHIFF, Deceased.

Surrogate's Court, New York County, December 2, 1952.

*Schiff, Dorfman, Stein & Brof* for Chase National Bank of the City of New York, as trustee under the will of Jacob R. Schiff, deceased, petitioner.

*John G. Saxe* and *Henry J. Kennedy* for Trustees of Columbia University and another, respondents.

*Robert Szold* and *Phillip I. Blumberg* for Jewish Publication Society of America and another, respondents.

*Webster, Sheffield & Chrystie* for New York Public Library, Astor, Lenox & Tilden Foundations, respondent.

*Nathaniel L. Goldstein, Attorney-General* (*P. Hodges Combier* of counsel), in his statutory capacity under section 12 of Personal Property Law and section 113 of Real Property Law, respondent.

*Denis M. Hurley, Corporation Counsel* (*John F. Kelly* and *Herbert Lefkowitz* of counsel), for Board of Higher Education,

on behalf of City College of the College of the City of New York, and another, respondents.

COLLINS, S. Testator by paragraph Seventeenth of his will created a trust of his residuary estate and directed that the income and principal thereof be paid over to such public, charitable or educational corporations in such amounts as may be directed by a committee of three composed of the presidents for the time being of Columbia University, College of the City of New York and Jewish Publication Society of America. Testator expressed a wish that the corporate beneficiaries of the residuary trust to be selected be such as through their work or their manner of conducting their work, tend to further the ideals of American democracy and qualify as being exempt from Federal and State income and death taxes. He also expressed a wish that the trust fund be disbursed both as to principal and income in approximately twenty years following the date of the setting up of the trust fund.

At the time this proceeding was instituted the trust company designated by testator had duly qualified, the trust was set up and the presidents for the time being of Columbia University, the City College of the City of New York and the Jewish Publication Society of America were acting as members of the committee created by the will. The trustee has received a written direction from the committee directing it to pay out of the trust to three named corporations sums which in the total exceed 5% of the principal and income of the residuary trust. The trustee brings this construction proceeding in which the following questions are propounded and determined by the court:

(1) The committee's authority to direct the trustee to pay out more than approximately 5% of the principal and the income of the fund in any one year. The pertinent provision of paragraph Seventeenth in this regard is " It is my wish that this trust fund should be disbursed both as to principal and income in approximately twenty years following the date of the setting up of this trust fund.'' The express language used by testator sets up no limitation as to the amount that may be disbursed in any given year but merely directs that the fund be disbursed in approximately twenty years. There is no indication in paragraph Seventeenth or in any other paragraph of the will that the committee may not in its discretion direct the trustee to pay any amount in any one year which will not exhaust the fund. It appears that the twenty-year limitation is suggested only

for the purpose of keeping the trust alive for a period long enough to enable the trustee to dispose of decedent's interest in closely held real estate corporations and of the remainder interest of the residuary estate in the trust created by paragraph Fifth of the will. The court holds that the committee has full discretion to direct the time at which and the amounts in which testator's residuary estate is to be disbursed within the approximate twenty-year period following the date of the setting up of the residuary trust.

(2) The committee's authority to designate as the recipient of any payment a public, charitable or educational corporation of which a member of the committee is president or with which he has direct affiliation. This question is posed by the fact that the committee designated the City College of the College of the City of New York and the Jewish Publication Society of America for substantial payments. Two of the committee members were at the time of such designation presidents of these designated institutions. The cases set out in petitioner's brief, dealing with the relationship of a fiduciary to his trust appear to have no application here because the committee is not the fiduciary but merely a body created by testator to select the institutions to be paid by the fiduciary. No question is raised that any personal benefit will accrue to any member of the committee by reason of the designation of the institution with which he is connected. Petitioner expressly states in its brief '' that they were influenced in these designations only by the highest of motives is not open to question.'' The only limitation placed by the will on the designation of the committee is that they select tax exempt corporations which tend to further the ideals of American democracy. No question is raised that these institutions are not within the limitations imposed by the testator. The court holds that the committee may designate as the recipient of any payment a corporation of which a member of the committee is president or with which he has a direct affiliation.

(3) The remaining question as to the qualification of the president of the City College of the College of the City of New York to act as a member of the committee arises by reason of a misnomer in the will caused by the testator using the designation '' College of the City of New York '' instead of '' The City College of the College of the City of New York.'' It appears from the petition that '' College of the City of New York '' does not have and did not have any president when the will was executed or when the testator died. '' College of the City of New

York '' has for more than twenty years been composed of four colleges known as `` City College '', `` Hunter College '', `` Brooklyn College '' and `` Queens College '' each being a separate unit of `` The College of the City of New York '' and each having its own president. Decedent was a graduate and at the time of his death an active alumnus of the unit now known as `` The City College of the College of the City of New York '' and which was known at the time of decedent's attendance there as `` College of the City of New York ''. There is no doubt and no question is raised by any of the parties to this proceeding that decedent intended to select as one of the committee the president of the particular unit of which he was an active alumnus at the time of his death and which is now known as the City College of the College of the City of New York. (*Matter of Jolson,* 202 Misc. 907.) The court holds that testator intended to designate as one of the committee referred to in paragraph Seventeenth of the will, the president for the time being of the City College of the College of the City of New York.

Submit decree on notice construing the will accordingly.